IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

HISIERRA, LLC,
a Connecticut limited liability company,

        Plaintiff,

v.

ROOTS ROCK RAGE LLC d/b/a PMC
SUPPLY CHAIN SOLUTIONS,
a Michigan limited liability company,

        Defendant.

Case No.

Hon.

---

Kevin C. Majewski (P79292)
Kaitlin M. Zolna (P84005)
**HUBBARD SNITCHLER & PARZIANELLO PLC**
Attorneys for Plaintiff
801 W. Ann Arbor Trail, Suite 240
Plymouth, MI 48170
313.672.7300
kmajewski@hspplc.com
kzolna@hspplc.com

---

### PLAINTIFF HISIERRA LLC'S COMPLAINT

NOW COMES, Plaintiff, HiSierra, LLC, by and through its attorneys, Hubbard Snitchler & Parzianello PLC, and for its Complaint against Defendant Roots Rock Rage LLC d/b/a PMC Supply Chain Solutions, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff HiSierra, LLC ("HiSierra" or "Plaintiff") is a Connecticut limited liability company with its principal place of business located in South Windsor, Connecticut.

2. Defendant, Roots Rock Rage LLC d/b/a PMC Supply Chain Solutions ("PMC" or "Defendant") is a Michigan limited liability company with its principal place of business located in Kalkaska, Michigan.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship of the parties.

4. Venue is proper in this Court pursuant to the parties' agreement and to 28 U.S.C. § 1391(a) because Defendant transacts and conducts business in this District and is otherwise subject to personal jurisdiction in this Court.

## GENERAL ALLEGATIONS

5. HiSierra is a distributor of cannabis packaging. Specifically, HiSierra distributes plant based environmentally friendly exit bags.

6. PMC manages product development and production for cannabis producers and cannabis retailers.

7. On or about May 21, 2021, HiSierra entered into a Master Service Agreement ("Agreement") with PMC for the purchase and sale of four shipments of bags. See copy of Agreement attached as Exhibit A.

8. Upon information and belief, PMC is in possession of a copy of the Agreement containing the signature of an authorized representative of PMC.

9. The terms of the Agreement provided the following, in pertinent part:

> 5. <u>PMC Obligations</u>: PMC agrees to purchase from HiSierra a minimum of two million six hundred ten thousand (2,610,000) ("Order Quantity") Bags, sized 12 inches x 9 inches x 4 inches, at a price of thirty-four cents ($.34) per Bag for standard yellow bags, and $.345 per Bag for holiday winter bags, for a total of eight hundred eighty nine thousand four hundred dollars ($889,400). PMC agrees to accept a maximum 5% (five percent) production underage for the 400,000 holiday bags only, totaling no more than 20,000 units.
>
>   A. The Order Quantity will be spread out over the term (15 months) with 4 orders as detailed below:

    a. 560,000 (five hundred sixty thousand) standard yellow bags to be delivered by August 1, 2021. (Initiated June 1, 2021)

    b. 400,000 (four hundred thousand) winter holiday bags to be delivered by October 25, 2021. (Initiated August 25, 2021)

    c. 750,000 (seven hundred fifty thousand) standard yellow bags to be delivered by December 7, 2021. (Initiated October 7, 2021)

    d. 900,000 (nine hundred thousand) standard yellow bags to be delivered by February 7, 2021. (Initiated December 7, 2021)

\*\*\*

8. <u>Payment Schedule:</u> Each order payment for the Bags (excepting the initial deposit) shall be issued on the following terms: 30% due 8 weeks prior to agreed upon delivery dates, and the remaining 70% NET 14 after the order is delivered.

10. Despite receiving and accepting the third shipment of bags from Plaintiff and receiving an invoice from Plaintiff for the same, Defendant has failed to pay for the third shipment of bags (the "Bags") in breach of the Agreement and failed to object to Plaintiff's invoice.

11. On or about December 15, 2021, the Bags were delivered to PMC's facility.

12. PMC accepted the Bags and did not otherwise object to or reject any of the Bags or object to Plaintiff's invoice for the same.

13. However, to date, PMC has failed to issue payment in the amount of $255,000.00 to HiSierra for the Bags, causing HiSierra damages.

## **COUNT I – BREACH OF CONTRACT**

14. Plaintiff realleges and reincorporates by reference the preceding paragraphs as if fully set forth herein.

15. Plaintiff and Defendant entered into the Agreement whereby Defendant agreed to remit payment as the shipments of Bags were delivered to Defendant.

16. Plaintiff fully performed its obligations under the Agreement by causing the manufacturing and delivery of the Bags at Plaintiff's expense to Defendant's facility on or about December 15, 2021.

17. Defendant has had reasonable opportunity to inspect the Bags. Defendant has not rejected any of the Bags contained in the third shipment to date, thereby constituting acceptance of the goods pursuant to MCL 440.2606.

18. Defendant failed to remit payment of $255,000.00 after accepting the Bags.

19. Defendant breached the Agreement by failing to remit $255,000.00 upon acceptance of delivery of the Bags.

20. Plaintiff has been damaged by Defendant's breach of the Agreement in the amount of $255,000.00.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant in the amount of $255,000.00 due to Defendant's breach of the Agreement, order Defendant to pay Plaintiff's attorney fees and costs, and grant any other relief the Court deems equitable and just under the circumstances.

## COUNT II – ACCOUNT STATED

21. Plaintiff realleges and reincorporates by reference the preceding paragraphs as if fully set forth herein.

22. Plaintiff manufactured and delivered the Bags to Defendant on or about December 15, 2021.

23. Upon delivery of the Bags, Plaintiff rendered to Defendant a copy of said account. See Exhibit B.

24. Defendant accepted the invoice without objection but has simply refused to pay the amount due and owing.

25. Therefore, under MCL 600.2145, the account has become stated.

26. There is presently due and owing, over and above all legal counterclaims, $255,000.00 from Defendant to Plaintiff based on said account.

27. Plaintiff has been further damaged by being forced to bring this action and incurring court costs and attorney fees.

28. An affidavit verifying the balance due on the account is attached as Exhibit C.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant for its failure to pay the account stated in the amount of $255,000.00, order Defendant to pay Plaintiff's attorney fees and costs, and grant any other relief the Court deems equitable and just under the circumstances.

## COUNT III – INJUNCTIVE RELIEF

29. Plaintiff realleges and reincorporates by reference the preceding paragraphs as if fully set forth herein.

30. Defendant is in material breach of its contractual obligations under the Agreement due to its failure to pay for the Bags.

31. Without payment from Defendant for the Bags, Plaintiff is in jeopardy of not being financially capable to continue business as an ongoing concern.

32. Plaintiff cannot recoup through legal damages the losses that may be caused by being forced to shut its doors because of Defendant's failure to pay.

33. Additionally, any economic loss resulting from Defendant's conduct cannot be precisely quantified.

34. An injunction is necessary and essential to prevent irreparable harm and Plaintiff is likely to succeed on the merits of its claims as set forth in this Complaint.

35. There will be no harm to Defendant by requiring Defendant to remit payment to Plaintiff for the Bags because Defendant already contractually committed to that performance and, in any event, any harm at all would be outweighed by the harm suffered by Plaintiff if the injunction is not granted.

36. Pursuant to MCL 440.2716(1), specific performance may be decreed where the goods are unique or in other proper circumstances.

37. Here, the Bags consisted of 750,000 specially branded yellow Bags in accordance with Defendant's specifications to Plaintiff. Due to the branding, these Bags are unable to be successfully resold to a different buyer in the ordinary course of business.

38. There is a strong public interest in enforcement of commercial contracts and the elimination of unfair dealings and coercive business practices.

39. In the alternative to specific performance, the Court should enter an injunction relieving Plaintiff from further obligations under the Agreement, ordering that Plaintiff is not required to deliver any further Bags to Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant compelling Defendant's specific performance under the Agreement, or, in the alternative, ordering that Plaintiff may halt its future shipments to Defendant due to Defendant's nonpayment and that Plaintiff is excused from any further performance under the Agreement.

## COUNT IV – UNJUST ENRICHMENT

40. Plaintiff realleges and reincorporates by reference paragraphs 1-13 as if fully set forth herein.

41. As stated, Defendant received the Bags on or about December 15, 2021.

42. Though Defendant took possession of the Bags, Defendant has failed to tender payment to Plaintiff for the same.

43. It would be inequitable and unjust for Defendant retain possession of the Bags without remitting payment to Plaintiff for manufacturing and delivering the same.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant in the amount of $255,000.00 for damages for Defendant's unjust enrichment, order Defendant to pay Plaintiff's attorney fees and costs, and grant any other relief the Court deems equitable and just under the circumstances.

## COUNT V – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

44. Plaintiff realleges and reincorporates by reference paragraphs 1-39 as if fully set forth herein.

45. MCL 440.1304 provides that "[e]very contract or duty within this act imposes an obligation of good faith in its performance and enforcement."

46. By entering into the Agreement, Defendant became obligated to conduct itself under the Agreement in good faith and in accordance with the standards of fair dealing.

47. Under MCL 440.1201(2)(t), "Good faith", except as otherwise provided in article 5, means honesty in fact and the observance of reasonable commercial standards of fair dealing.

48. Defendant's acceptance of the Bags without remitting payment is a breach of the implied duty of good faith and fair dealing.

49. Defendant's breach of its implied duty of good faith and fair dealing caused Plaintiff to suffer significant damages in the amount of $255,000.00.

50. Therefore, this Court should compel Defendant to remit payment in full to Plaintiff and hold Defendant responsible for all other attorney fees and costs.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant compelling Defendant to remit payment in the amount of $255,000.00 to Plaintiff, order Defendant to pay Plaintiff's attorney fees and costs, and grant any other relief the Court deems equitable and just under the circumstances.

## COUNT VI – BREACH OF IMPLIED IN FACT CONTRACT

51. Plaintiff realleges and reincorporates by reference paragraphs 1-13 as if fully set forth herein.

52. Alternatively, if the aforementioned Agreement is not valid and binding, both parties clearly understood that Defendant's acceptance of Plaintiff's goods obligates Defendant to pay Plaintiff for said goods.

53. Considering Defendant had already accepted and paid for two prior shipments, Defendant knew or should have known that Plaintiff would not have expended such efforts and finances on the manufacturing and delivery of the Bags without Defendant agreeing to remit payment to Plaintiff upon acceptance.

54. Defendant benefited from the implied-in-fact contract in that Defendant received the Bags consisting of 750,000 specially branded yellow Bags.

55. Defendant knew or should have known that the aforementioned benefits were not rendered gratuitously.

56. Defendant had reason to know that Plaintiff would not have agreed to manufacture and deliver the Bags without receipt of full payment upon Defendant's acceptance.

57. Defendant agreed to remit payment for the Bags upon acceptance. These circumstances give rise to an implied-in-fact contract between Plaintiff and Defendant.

58. Defendant breached the implied-in-fact contract by failing to remit full payment to Plaintiff for the Bags.

59. Plaintiff has been damaged in the amount of $255,000.00 due to Defendant's breach of the implied-in-fact contract.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant in the amount of $255,000.00 for its breach of the implied-in-fact contract, compelling Defendant to remit payment in full to Plaintiff, order Defendant to pay Plaintiff's attorney fees and costs, and grant any other relief the Court deems equitable and just under the circumstances.

Respectfully submitted,

*/s/ Kevin C. Majewski*
Kevin C. Majewski (P79292)
Kaitlin M. Zolna (P84005)
Attorneys for Plaintiff
801 W. Ann Arbor Trail, Suite 240
Plymouth, MI 48170
313.672.7300
kmajewski@hspplc.com
kzolna@hspplc.com

Dated: February 1, 2022